IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SKYBITZ TANK MONITORING
CORPORATIION AND SKYBITZ
PETROLEUM LOGISTICES, LLC,

Plaintiffs and Counterclaim-
Defendants,

v.

FLEETWING CORPORATION,

Defendant and Counterclaim-Plaintiff.

Case No. 22-cv-6294

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiffs and Counter-Defendants SkyBitz Tank Monitoring Corporation and SkyBitz Petroleum Logistics, LLC ("Plaintiffs") move this Court to reconsider its ruling holding certain fees unenforceable in its February 2, 2026 Memorandum Opinion and Order (the "Opinion") [83] granting in part and denying in part Plaintiffs' motion for partial summary judgment. Alternatively, Plaintiffs move the Court to certify an issue for immediate interlocutory appeal. Finally, Plaintiffs request leave to supplement their expert damages report. For the following reasons, Plaintiffs' motion is denied as to reconsideration and certification.

## BACKGROUND

On February 2, 2026, the Court issued an Opinion [83] granting in part and denying in part Plaintiffs' motion for partial summary judgment. In its decision, the Court held certain liquidated damages provisions, early termination fees ("ETFs") and lost unit fees ("LUFs"), were unenforceable as a matter of public policy. The Court

1

explained the ETFs had no relation to the severity of the breach and that the actual damages from lost units were not difficult or impossible to calculate. [83] at 20. Additionally, the Court concluded both fees were sought to secure Defendant's performance. *Id.* A more detailed account of the facts behind the motion can be found in the Court's opinion.

## ANALYSIS

### I.      Motion for Reconsideration

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F.Supp.2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation and quotation marks omitted). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

2

Here, Plaintiffs assert the Court should reconsider its Opinion because the Court made a manifest error of fact and law. Plaintiffs' arguments fall short of their heavy burden. They do not contend the Court has misunderstood a party, made a decision outside the adversarial issues the parties presented, or made an error of apprehension. Nor do Plaintiffs claim the law significantly changed or significant new facts have been discovered. To the contrary, Plaintiffs rehash the same arguments propounded in their summary judgment briefs and rely on primarily the same facts or facts that could have been presented before. Accordingly, reconsideration is not appropriate.

## II.    Motion for Certification for Interlocutory Appeal

As alternative to reconsideration, Plaintiffs request the Court amend its Opinion and certify the question related to ETFs and LUFs for immediate interlocutory appeal. [86] at 7–8.

Motions for interlocutory appeal are governed by 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd of Trs. of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "The criteria are conjunctive, not disjunctive." *Id.* at 676. "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal under 1292(b)." *Id.* (emphasis in original). The decision of whether to allow an immediate interlocutory appeal of a non-final

order pursuant to § 1292(b) is within the discretion of the district court. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) (holding that Congress chose to confer on district courts first line discretion to allow interlocutory appeals); *see also Breuder v. Board of Trs. of Cmty. College Dist. No. 502*, 888 F.3d 266, 271 (7th Cir. 2018).

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). For this reason, the party seeking an interlocutory appeal must show that "exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

Plaintiffs have not demonstrated that the question of law presents a contestable issue. A question of law is contestable if there are substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority. *Flynn v. Exelon Corp.*, 2022 WL 267915, *3 (N.D. Ill. Jan. 28, 2022). The movant must also show there is a substantial likelihood that the district court ruling will be reversed on appeal. *Id.* Although Plaintiffs contend the issue of the enforceability of the ETFs and LUFs is "subject to conflicting opinion," they do not cite *any* conflicting opinions. In fact, they do not cite *any* case law bearing on the issue except for the case law from the Court's Opinion.

Accordingly, Plaintiff has not shown there is a contestable question of law or a substantial likelihood the Opinion will be overturned on appeal. *See Emley v. Wal-Mart Stores, Inc.*, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020) (describing "the

4

prevailing approach adopted by district courts, including [the Seventh Circuit], is to impose a rigid standard for 'contestability' which can be satisfied only in rare circumstances, such as when there is a 'substantial likelihood' that the district court's order would be reversed on appeal").

### III.    Request to Supplement Damages Reports

Plaintiffs also request the Court grant them leave to supplement their expert report to include alternative calculations of damages. [86] at 8–10. They explain their expert calculated damages based on the ETF and LUF provisions (assuming they were enforceable) and did not set forth alternative theories of damages available. *Id.* Invoking Federal Rule of Civil Procedure Rule 26(e), Plaintiffs now seek to supplement their expert disclosures with those alternative theories of damages. Defendants have not had an opportunity to respond to this request. Parties are to confer about this supplementation. That matter is set for hearing on April 30, 2026, at 9:15 AM.

### CONCLUSION

For the stated reasons, Plaintiffs' motion for reconsideration or, in the alternative, to certify an issue for immediate interlocutory appeal [85] is denied. Parties are to confer about this supplementation. That matter is set for hearing on April 30, 2026, at 9:15 AM.

ENTER:

Dated: April 24, 2026

MARY M. ROWLAND
United States District Judge